**PRIMEGUARD INSURANCE COMPANY, INC., (RRG), and ISourceAutoWarranty.com, Inc., Plaintiff–Appellant,**

v.

**Harry W. LOW, Insurance Commissioner of the State of California, the California Department of Insurance, and Jon A. Tomashoff, Defendant–Appellee.**

No. 03–17196.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 2004.*

Decided Oct. 22, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

John C. Pasierb, Arlington, VA, for Plaintiff–Appellant.

Stephan Barber, Esq., Roper, Majeski, Kohn & Bentley, San Jose, CA, Marguerite C. Stricklin, Oakland, CA, for Defendant–Appellee.

Before: OAKES,** KLEINFELD, and CALLAHAN Circuit Judges.

## MEMORANDUM ***

Appellate jurisdiction exists because appellants' notice of appeal was timely filed. *See* Fed. R.App. P. 4(a)(2); *Radio TV. Espanola S.A. v. New World Entm't, Ltd.,* 183 F.3d 922, 932 & n. 12 (9th Cir.1999).

We affirm the district court's ruling that the federal Liability Risk Retention Act (15 U.S.C. § 3901 et seq.) does not preclude California from issuing a cease and desist order instructing appellant ISourceAutoWarranty.com, a member of a risk retention group, to stop marketing vehicle service agreements to consumers in California. The Risk Retention Act does not exempt from regulation members of risk retention groups; rather, it exempts risk retention groups themselves.

The exemptions contemplated by the Risk Retention Act were premised on "the limited field of customers that [risk retention] groups could serve." *Home Warranty Corp. v. Caldwell,* 777 F.2d 1455, 1468 (11th Cir.1985). Since risk retention groups are "member servicing organizations only," the interest of non-domiciliary states to regulate "insurers dealing with the public was to remain untouched by [the Risk Retention Act]." *Id.* Taken as a whole, 15 U.S.C. § 3902 precludes non-domiciliary state laws that attempt to regulate insurance coverage provided by a risk retention group to its members. It does not, however, exempt insurance sold by a member of a risk retention group to consumers. *See* 15 U.S.C. § 3902(f)(1) ("[N]othing in this chapter shall be construed to affect the authority of any State to make use of any of its powers to enforce

---

** The Honorable James L. Oakes, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the laws of such State with respect to which a risk retention group is not exempt under this chapter.") None of the authorities and nothing in the legislative history cited by appellants contradicts this construction. The district court's ruling is AFFIRMED.